UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. MICHAEL ALEXANDER BARTON,

                  Plaintiff,

-against-

THE BRONX DISTRICT ATTORNEY'S OFFICE, ET AL.,

                  Defendants.

23-CV-5827 (LTS)

ORDER DIRECTING PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Michael Alexander Barton,[1] who is currently detained at the Eric M. Taylor Center ("EMTC") on Rikers Island, brings this action *pro se*.[2] To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request permission to proceed in forma pauperis ("IFP"), that is,

---

[1] Barton brings this action on behalf of himself and Divine Freedom Ministries. As a nonlawyer, however, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Furthermore, corporations, nonprofit organization, and other artificial entities cannot proceed *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

[2] Plaintiff provides a Bronx, New York, residential address for himself in the complaint. He indicates in his application to proceed *in forma pauperis*, however, that he is detained at EMTC, and public records maintained by the New York City Department of Correction confirm that Plaintiff is currently detained at EMTC and was in DOC custody at the time he filed this action.

without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore also authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[3] from the prisoner's account in installments and to send to this Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted an IFP application, but did not submit a prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 23-CV-5827 (LTS).[4]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[4] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  July 27, 2023
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge