UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ALEXANDER BARTON,

               Plaintiff,

-against-

DARCEL CLARK, et al.,

               Defendants.

23 Civ. 5827 (LGS)

**ORDER OF DISMISSAL**

LORNA G. SCHOFIELD, United States District Judge:

      Plaintiff Michael Alexander Barton, who is currently detained in the Eric M. Taylor Center on Rikers Island, brings this pro se action under the Court's federal question jurisdiction, alleging that Defendants Bronx District Attorney Darcel Clark, the New York State Police, New York State Attorney General Letitia James, the Bronx County Clerk, Justice George Villegas of the Bronx County Supreme Court, Criminal Term, and the "New York State Bronx Supreme Criminal Court" violated his rights.[1] The Complaint appears to assert claims on Barton's behalf and on behalf of Divine Freedom Ministries. The Complaint is dismissed for the reasons set forth below.

**I.    BACKGROUND**

      The form Complaint checks the box to invoke the Court's federal question jurisdiction. In response to the question asking which federal constitutional or federal statutory rights have been violated, the Complaint states:

> Unlawful arrest, illegal arrest, illegal restraint, illegal distraint, excessive bail, cruel and unusual punishment[,] violation of right to speedy trial, violation of

---

[1] Plaintiff filed an application to proceed *in forma pauperis* along with the original complaint, but he did not file a prisoner authorization. By order dated July 27, 2023, the Hon. Laura Taylor Swain, in her capacity as Chief Judge, directed Plaintiff to either pay the $402 in fees required to bring a civil action or file a prisoner authorization. Plaintiff paid the fees on August 21, 2023.

right to freedom of speech, conspiracy, abuse of authority[,] trademark infringement, intellectual property, garnishment of private funds, bank accounts, theft of property, unlawful incarceration[,] denial and abuse of due process, threat, coercion, deception, etc.[2]

The Complaint states that the events giving rise to the claims occurred in Bronx County, New York and Manhattan, New York on July 21, 2021, and June 26, 2023. The Complaint alleges, "The Defendants has trespassed on the Plaintiff's Constitutional rights, violated plaintiff's due process rights, defamed the plaintiff's character, committed Trademark Infringement, stolen the plaintiff's identity, committed perjury under oath, committed libel against the plaintiff etc. Please see attachments."

Attached to the Complaint are eighty-nine pages of documents, most of which purport to settle a "private case" between Plaintiff and Defendants by invoking pseudo-legal theories associated with the sovereign citizen and "redemptionist" movements.

For example, one attachment is a "Legal Notice and Demand" with the heading, "To: All State, Federal and International Public Officials, THIS IS A CONTRACT IN ADMIRALTY JURISDICTION THIS TITLE IS FOR YOUR PROTECTION." Representative of the claims made in the document is the following:

> Since the birth of the Undersigned, the Government has utilized the credit and future earning potential of the Undersigned, establishing and operating a Private Offset Account through the use of the Vessel in Commerce, MICHAEL ALEXANDER BARTON TRUST without the knowledge, consent, or permission of the Undersigned acting to the detriment of the beneficiary Michael: Barton-El, against the basic precepts of a trust. . . . The Undersigned having full control of Trust **revokes all** permissions to the Government and/or any political subdivisions/Organizations to use copyrighted TRUST name MICHAEL ALEXANDER BARTON TRUST or trust in any fashion except by explicit written request/order in direction otherwise. . . .

---

[2] The Complaint uses irregular capitalization. For readability, the Court uses standard capitalization when quoting from the Complaint. All other grammar, spelling and punctuation are as in the original unless otherwise indicated.

Without providing any supporting facts, the document purports to assess millions of dollars in "billing costs" and "levies and liens" based on various alleged "violations" similar to those referenced in the body of the complaint.

Also attached are four documents labeled, "Affidavit of Truth (Notice of Fault and Opportunity to Cure) (Notice of Private Settlement Offer) (Notice of Special Appearance)," which report various "crimes and trespasses" believed to have been committed by several of the Defendants. Plaintiff's first "affidavit" invokes the Uniform Commercial Code ("UCC") and requests that Defendants enter into an agreement with Plaintiff by which, among other things, they "consent to THE MICHAEL ALEXANDER BARTON® Trust placing a Uniform [C]ommercial [C]ode lien on them" in the amount of $10,000,000, and he "reserves the right" to seek additional damages through additional UCC liens.

That document includes such alleged facts as: "Dr. Michael Alexander Barton is a private business name who is owned by DIVINE FREEDOM MINISTRIES"; "Dr. Michael Alexander Barton, the living b[r]eathing person . . . sold his Trademark to DIVINE FREEDOM MINST[R]IES according to their private agreement"; Plaintiff "was illegally forced against his will to surrender to the NEW YORK STATE POLICE for unknown criminal charges"; and "All respondents named in this private matter are hereby found guilty as named in the individual crimes reported by the claimant." He further alleges that he "has presented 3 Official Certificates of Default obtained . . . Privately by the claimant privately retaining a Legal Team of Private Individuals, Businesses, Associations, Organizations and Ministries that worked together to Privately Administrate this legal matter and present it for confirmation with a Federal Arbitrator."

Included among the relief Plaintiff seeks in this document is: (1) "Return of all support payments and expenses of $500,000,000.00 USD in damages for reimbursed expenses and costs to THE MICHAEL ALEXANDER BARTON® TRUST"; (2) "For all respondents to honor the Private Royalty Agreement found in the Trademark Cease and Desist" and (3) "The immediate compensation of all Trustees, Agents, Independent contractors, and services used to administrate this private matter and a run execute a 'Trustee Gambit.'"

The three additional "affidavits of truth" are similar in form and substance. Among other claims, the affidavits assert that Plaintiff's name is "Intellectual Property" and a "Trademark," and that, by using Plaintiff's name in court documents in connection with his criminal case, the Bronx District Attorney has "infringed" on Plaintiff's trademark.

## II.   STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, "fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *accord Manuel v. Catlin*, No. 21 Civ. 0438, 2021 WL 797647, at *1 (S.D.N.Y. Mar. 1, 2021).[3] The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[3] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

4

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally and interpret them "to raise the strongest arguments that it suggests." *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020). But the "special solicitude" in pro se cases, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir 2006), has its limits; to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "threadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Buon*, 65 F.4th at 76. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible -- not merely possible -- that the pleader is entitled to relief. *Twombly*, 550 U.S. at 570; *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).

### III.   DISCUSSION

#### A.   Claims on Behalf of Divine Freedom Ministries

To the extent the Complaint attempts to bring claims on behalf of Divine Freedom Ministries, those claims are dismissed. As a nonlawyer, Plaintiff can represent only his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's

5

behalf in the other's cause."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that § 1654 "allow[s] for two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself'"); *accord Antonio v. United States*, No. 23 Civ. 79, 2023 WL 2394153, at *3 (S.D.N.Y. Mar. 6, 2023). The Court therefore dismisses any claims Plaintiff is asserting on behalf of Divine Freedom Ministries. This dismissal is without prejudice to Divine Freedom Ministries bringing, through licensed counsel, any claims it wishes to make.

### B. Constitutional Claims

The claims that Defendants violated Plaintiff's federal constitutional rights arise under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *accord Buon*, 65 F.4th at 78.

#### 1. Prosecutorial Immunity

The claims against Bronx District Attorney Darcel Clark are dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012); *see also Washington v. Napolitano*, 29 F.4th 93, 103 (2d Cir. 2022) ("In determining whether absolute prosecutorial immunity applies, courts must take a functional approach, looking to the function being performed rather than to the office or identity of the defendant."). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d

Cir. 2019) (holding that assistant district attorneys' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and assistant district attorneys were therefore shielded by absolute immunity).

Here, the claims against Bronx County District Attorney Darcel Clark appear to be based on actions within the scope of her official duties and associated with the conduct of a trial. These claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(2), and, consequently, are legally frivolous, 28 U.S.C. § 1915A(b)(1). *See Collazo v. Pagano*, 656 F.3d 131, 134 n.2 (2d Cir. 2011) (holding that a claim against a prosecutor is legally frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process"); *accord Ogunkoya*, 913 F.3d at 69.

  2.    **Judicial and Quasi-Judicial Immunity**

The claims against Bronx Supreme Court Justice George Villegas and the Bronx County Clerk are dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *accord Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210; *accord Kirkland v. Minihan*, No. 20 Civ. 8973, 2020 WL 6729409, at *1 (S.D.N.Y. Nov. 13, 2020). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven*, 579 F.3d at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, § 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not

be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge acts outside her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in the absence of jurisdiction." *Mireles*, 502 U.S. at 13; *accord Hart v. Thompson*, No. 23 Civ. 3289, 2023 WL 3949041, at *5 (S.D.N.Y. June 12, 2023); *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *accord Lewis v. Doe*, No. 23 Civ. 1934, 2023 WL 3977062, at *2 (S.D.N.Y. June 12, 2023).

Absolute judicial immunity has been extended to those nonjudicial officers who perform acts that are "functionally comparable to that of a judge" or "are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004); *accord Komatsu v. City of New York*, No. 20 Civ. 8004, 2020 WL 6434791, at *2 (S.D.N.Y. Nov. 2, 2020). Courts have held that this quasi-judicial immunity applies to other individuals when they are "performing discretionary acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Court clerks, for example, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *accord Stephens v. Sullivan & Cromwell LLP*, No. 15 Civ. 1251, 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015). In addition, court clerks "are absolutely immune from suit for functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court." *Lewis v. Wolfe*, No. 21 Civ. 6949, 2021 WL 4865317, at *2 (S.D.N.Y. Oct. 14, 2021).

The Complaint fails to allege any facts showing that Justice Villegas acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12; *accord Appel v. Cronan*, No. 21 Civ. 6101, 2021 WL 3192962, at *1 (S.D.N.Y. July 28, 2021). Because the Court understands the suit against Justice Villegas to be for "acts arising out of, or related to, individual cases before" him, he is immune from suit for such claims. *Bliven*, 579 F.3d at 210; *accord Kirkland*, 2020 WL 6729409, at *1-2. The Complaint also names the Bronx County Clerk as a defendant, although the Complaint alleges no facts suggesting how this Defendant was involved in the events giving rise to his claims. Because it appears that the Bronx County Clerk is being sued for performing functions related to his criminal proceedings, this Defendant is entitled to quasi-judicial immunity.

The claims against Justice Villegas and the Bronx County Clerk are dismissed because the claims seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(2), and, consequently, are legally frivolous, 28 U.S.C. § 1915A(b)(1). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is frivolous for purposes of [the in forma pauperis statute]."); *accord Komatsu*, 2020 WL 8641274, at *3.

### 3. Eleventh Amendment Immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); *accord Mears v. Scherer*, No. 23 Civ. 3299, 2023 WL 4106415, at *2 (S.D.N.Y. June 20, 2023). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366. New York has not waived its Eleventh Amendment immunity to suit in federal court, and

Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977); *accord Hahn v. New York*, 825 F. App'x 53, 54 (2d Cir. 2020) (summary order). New York State's immunity extends to the New York State Unified Court System. *Gollomp*, 56 F.3d at 368. The § 1983 claims against the New York State Police and the New York State Supreme Court, Bronx County, are therefore barred by the Eleventh Amendment and are dismissed.

The Eleventh Amendment also precludes the claims under § 1983 for damages against New York State Attorney General Letitia James, who is a New York State official, in her official capacity. *See, e.g.*, *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) ("[T]he Eleventh Amendment bars the award of money damages against state officials in their official capacities.").[4]

### C. "Redemptionist" and Sovereign Citizen Theories

Many of the Complaint's assertions appear to be based, at least in part, on the "redemptionist" or "sovereign citizen" theory. The sovereign citizens are "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. The FBI has labeled the sovereign citizens a domestic terrorist group." *United States. v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013)

---

[4] A plaintiff can sue a state official in his or her official capacity, notwithstanding the Eleventh Amendment, if the plaintiff "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *Seneca Nation v. Hochul*, 58 F.4th 664, 670; *see also Berman Enters., Inc. v. Jorling*, 3 F.3d 602, 606 (2d Cir. 1993) ("[A]cts of state officials that violate federal constitutional rights are deemed not to be acts of the state and may be the subject of injunctive or declaratory relief in federal court."); *accord Sowell v. Annucci*, No. 22 Civ. 6538, 2023 WL 4189725, at *4 n.9 (S.D.N.Y. June 26, 2023). Here, the Complaint does not allege facts suggesting that James is committing an ongoing violation of federal law or that Plaintiff is seeking prospective injunctive relief against her.

(summary order); *accord United States v. Carter*, No. 21 Crim. 681, 2022 WL 125998, at *2 n.1 (S.D.N.Y. Jan. 13, 2022).

These theories have been consistently rejected by federal courts as legally frivolous. *See Thompson v. Donald J. Trump, Inc., USA*, No. 23 Civ. 2025, 2023 WL 3948906, at *3 (S.D.N.Y. June 12, 2023) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."). Even when read with the "special solicitude" accorded to pro se pleadings, *Triestman*, 470 F.3d at 475, there is no legal theory on which the Complaint can rely. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 at 437 (2d Cir. 1998). These claims are dismissed as legally frivolous under 28 U.S.C. § 1915A(b)(1).

D. **State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims the Complaint may be asserting. *See Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise."); *accord Pianoforte v. Little Red Sch. House*, No. 21 Civ. 5003, 2022 WL 2713659, at *8 (S.D.N.Y. July 13, 2022).

### E. Leave to Amend is Denied

Generally, a court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015); *accord Bey v. Trump*, 850 F. App'x 809, 810 (2d Cir. 2021) (summary order). But a court has inherent power to dismiss without leave to amend or replead "where the substance of the claim pleaded is frivolous on its face," or where amendment would otherwise be futile. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988); *accord Thomas v. Carter*, 581 F. Supp. 3d 651, 656 (S.D.N.Y. 2022); *see also Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (holding that federal question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit"). Because the asserted claims are legally frivolous and because the defects in the Complaint cannot be cured with an amendment, leave to amend the Complaint is denied.

## IV. CONCLUSION

The Complaint is dismissed for failure to state a claim on which relief may be granted, for seeking monetary relief against a defendant who is immune from such relief, and as legally frivolous. *See* 28 U.S.C. § 1915A(b)(1), (2). Any claims brought on behalf of Divine Freedom Ministries are dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *accord Lastra v. City of New York*, No. 16 Civ. 3088, 2018 WL 3207152, at *1 (S.D.N.Y. June 18, 2018).

The Clerk of Court is respectfully directed to enter judgment in this action.

Dated: October 19, 2023
       New York, New York

                                                            **LORNA G. SCHOFIELD**
                                                          **UNITED STATES DISTRICT JUDGE**